UNITED STATES DISTRICT COURT
SOUTHERN DISTRCT OF NEW YORK
-------------------------------------------------------------------------------x
MICHELE HERNANDEZ

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK; JAMES P. O'NEILL, as Police
Commissioner, Police Department City of New York; WILLIAM
J. BRATTON, as Former Police Commissioner, Police Department
City of New York; RAYMOND W. KELLY, as Former Police
Commissioner, Police Department City of New York; KEVIN
CATALINA, as Former Commanding Officer, 44 Precinct; KEITH
WALTON, as Former Commanding Officer 49 Precinct and
VANESSA L. GIBSON, as New York City Council Member and
Chairperson of the Committee on Public Safety, sued individually
and in their official capacities as employees of defendant THE CITY
OF NEW YORK

                                   Defendants'
-------------------------------------------------------------------------------x

**Complaint**

**Jury Trial Demand**

       The plaintiff MICHELE HERNANDEZ by her attorney The Sanders Firm, P.C., for her

complaint against defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J.

BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA

L. GIBSON respectfully set forth and allege that:

## <u>INTRODUCTION</u>

       1.       This is an action filed on behalf of plaintiff MICHELE HERNANDEZ seeking relief from

defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON;

RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON.

       2.       Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and

VANESSA L. GIBSON under threat of suspension and other employment actions force her to enforce

illegal quota systems guised as 'performance goals' to artificially drive arrest, summons and other enforcement activities to the detriment of citizens of color.

3.      Plaintiff is a 14-year veteran police officer with an exemplary record subjected to a campaign of unlawful retaliation and harassment for complaining about the highly developed illegal "performance goals" implemented within the 44th and 49th Precincts.

3.       Plaintiff alleges these illegal "performance goals" although consistently denied by defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents' is a highly developed system designed to generate revenue and pecuniary gains to the detriment of citizens of color.

4.      Plaintiff alleges since March 2003, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents within the 44th and 49th Precincts, have developed and implemented a system of illegal "performance goals" mandating increasing numbers of arrests, summonses and stop-and-frisks to the detriment of citizens of color.

5.      Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents within the 44th and 49th Precincts, developed a detailed monitoring system including computer databases used to track, analyze and categorize police officers to ensure their compliance with the illegal "performance goals."

6.      Plaintiff alleges police officers within the 44th and 49th Precincts, were constantly pressured to meet the illegal "performance goals" and those who failed to meet the "quotas"

were subjected to punishment including undesirable assignments, the loss of overtime, denial of leave, separation from partners, poor evaluations, etc.

7.    Plaintiff alleges concerned about the impact of illegal "performance goals" within the 44th and 49th Precincts upon the civil rights of citizens of color, on several occasions complained to defendants' KEVIN CATALINA and KEITH WALTON and other supervisors within the NYPD.

8.    Plaintiff alleges in response, defendants' KEVIN CATALINA and KEITH WALTON threatened her with suspension, transfer and other undesirable employment actions.

9.    Plaintiff alleges defendants' KEVIN CATALINA and KEITH WALTON have also threatened other police officers, especially police officers of color.

10.    Plaintiff alleges these illegal "performance goals" within the 44th and 49th Precincts, have pitted police officers against each other, straining professional relationships and diverting resources away from important law enforcement activities.

11.    Plaintiff alleges the use of these illegal "performance goals" within the 44th and 49th Precincts are a microcosm of a larger public safety crisis regarding NYPD law enforcement activities.

12.    Plaintiff alleges for many several years, the NYPD besieged with complaints about its illegal use of "performance goals" leading to innocent citizens of color being stopped, frisked, issued legally baseless summonses, and even falsely arrested.

13.    Plaintiff alleges through personal tape recordings, officer and citizen complaints, admissions, and newspaper reports, these illegal "performance goals" have been uncovered across the city.

14.     Plaintiff alleges despite the aforementioned, these illegal "performance goals" continue throughout the NYPD to the detriment of innocent citizens of color.

15.      Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents' have violated her civil rights under the First Amendment of the United States Constitution, the Civil Rights Act of 1871, New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## JURISDICTION AND VENUE

16.     The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

       a.     the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law;

       b.     New York State Executive Law § 296; and

       c.     New York City Administrative§ 8-107.

17.     The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

18.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

19.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

20.     Plaintiff MICHELE HERNANDEZ is a female citizen, over twenty-one (21) years of age and employee of defendant THE CITY OF NEW YORK more specifically the Police Department City of New York (hereinafter referred to as the "NYPD").

## DEFENDANTS'

21.     Defendant THE CITY OF NEW YORK is a municipal corporation and at all relevant times plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

22.     Defendant JAMES P. O'NEILL (Caucasian Male), as Police Commissioner, Police Department City of New York.

23.     Defendant WILLIAM J. BRATTON (Caucasian Male), as Former Police Commissioner, Police Department City of New York.

24.     Defendant RAYMOND W. KELLY (Caucasian Male), as Former Police Commissioner, Police Department City of New York.

25.     Defendant KEVIN CATALINA (Caucasian Male), as Former Commanding Officer 44 Precinct.

26.     Defendant KEITH WALTON (African-American Male), as Commanding Officer 49 Precinct.

5.     Defendant VANESSA L. GIBSON (African-American), as New York City Council Member and Chairperson of the Committee on Public Safety.

## BACKGROUND

6.     Plaintiff self identifies as a Puerto-Rican a female employee of the NYPD.

28.     Plaintiff alleges according to NYPD data, since 2002, more than five (5) million citizens were stop, questioned and frisked.

29.     Plaintiff alleges the overwhelming majority, close to ninety (90) percent of the citizens forcibly stopped were released having committed no chargeable felony or misdemeanor offense under the New York State Penal Law.

30.     Plaintiff alleges the overwhelming majority stopped were citizens of color.

31.     Plaintiff alleges other than some anecdotal studies and analysis performed by the New York Daily News and other media companies, there have never been any comprehensive longitudinal studies regarding whether the NYPD policing and enforcement practices have a detrimental effect upon citizens of color.

32.      Plaintiff alleges in May 2010, *The Village Voice* published a series of articles focusing on the illegal "quota system" implemented within the 81st Precinct.

33.     Plaintiff alleges in August 2010, Former Governor David Paterson signed amended legislation broadening the scope of New York State Labor Law § 215-a, enacted to protect against retaliation for not meeting illegal "quotas" for summonses, arrests, and stop-and-frisk activities.

34.      Plaintiff alleges prior to the amendment, New York State Labor Law § 215-a, only covered traffic violations.

35.      Plaintiff alleges in November 2010, the NYPD through its Legal Bureau issued guidance to employees of the NYPD, which in essence "flaunts" the broad reach and protections of New York State Labor Law § 215-a, by claiming supervisors can set "performance goals."

36.     Plaintiff alleges "performance goals" are just illegal "quotas" cloaked in different language.

37.     Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and

VANESSA L. GIBSON and their agents continue to enforce illegal "performance goals" to this day despite its detrimental impact upon citizens of color.

38.    Plaintiff alleges in August 2011 a federal judge in the Southern District of New York, in Floyd v. City of New York 959 F. Supp 540, denied the NYPD's motion for summary judgment in a class-action challenge to the stop-and-frisk program, and described the recordings from the 81st Precinct as "smoking gun" evidence of the existence of illegal "quotas."

39.    Plaintiff alleges despite the public controversy about the NYPD illegal "performance goals" defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON refuse to admit illegal "performance goals" exist continuing to implement them throughout every precinct, transit district and police service area across the city.

40.    Plaintiff alleges as a result, police officers face intense pressure to comply with these illegal "performance goals."

41.    Plaintiff alleges that until she challenged the illegal "performance goals" implemented within 44th Precinct, she consistently received positive annual reviews.

42.    Plaintiff alleges from March 2003 through present while assigned to various NYPD precincts within the Bronx County, she and other similarly situated police officers are being forced to follow the ticket and arrest quota systems aka "performance goals" in violation of their constitutional rights.

43.    Plaintiff alleges these "performance goals" are implemented to illegally tax constituents, raising revenues, advancing the political agendas of government officials who are rewarded with overtime compensatory time, promotions, committee appointments and other job benefits for enforcing the ticket and arrest quota system.

44.     Plaintiff alleges the ticket and quota systems aka "performance goals" disparately affects African-Americans, Latinos and other persons of color who travel through, work and reside in Bronx County.

45.     Plaintiff alleges since March 2003, the enforcement of the ticket and arrest quotas were particularly egregious under the administration of defendant KEVIN CATALINA, the former Commanding Officer of the 44th Precinct.

46.     Plaintiff alleges sometime in 2008, an anonymous tip claimed former police officer Jose R. Ramos, 40th Precinct became involved with drug activities.

47.     Plaintiff alleges during the wiretap investigation, defendants' THE CITY OF NEW YORK and RAYMOND W. KELLY claimed they 'learned' hundreds of police officers were fixing traffic tickets for financial and/or pecuniary gain.

48.     Plaintiff alleges police officers fixing tickets for financial and/or pecuniary gain was nothing new.

49.     Plaintiff alleges sometime in 2011, former Bronx District Attorney Robert Johnson secured indictments against 17 police officers, subsequently arrested for ticket fixing and related offenses.

50.     Plaintiff alleges the investigation yielded more than 800 instances of ticket fixing.

51.     Plaintiff alleges defendants' THE CITY OF NEW YORK and RAYMOND W. KELLY in collusion with Bronx District Attorney Robert Johnson artificially contained the ticket fixing scandal by declining to prosecute hundreds of police officers.

52.     Plaintiff alleges defendants' THE CITY OF NEW YORK and RAYMOND W. KELLY in collusion with Bronx District Attorney Robert Johnson sent the aforementioned cases to

the NYPD for administrative handling using the Department Advocate's Office and Deputy Commissioner Trials.

53.     Plaintiff alleges despite the so-called high profile 'Ticket-Fixing' Scandal 'investigated' by the NYPD Internal Affairs Bureau and the Bronx County District Attorney's Office, the practice of 'fixing' tickets continues to this date.

54.     Plaintiff alleges police officers, sergeants, and lieutenants are subjected to arrest, suspensions and terminations meanwhile executive management (Captains and above) were largely absolved although the 'fixing' could not have occurred without their 'explicit' approval.

55.     Plaintiff alleges most if not all 'fixing' occurs at the behest of executive management (Captains and above).

56.     Plaintiff alleges in late December 2013, she requested a transfer from the 44th Precinct because defendant KEVIN CATALINA subjected her to unfair assignments and disciplined 'passively' rejecting the ticket and arrest quota systems.

57.     Plaintiff alleges on or about December 31, 2013, defendant RAYMOND W. KELLY retired from the NYPD.

58.     Plaintiff alleges on March 11, 2014, she initiated a car stop of defendant VANESSA L. GIBSON in Bronx County who she observed talking on her cellular telephone without a hands-free device.

59.     Plaintiff alleges while stopped defendant VANESSA L. GIBSON called defendant KEVIN CATALINA.

60.     Plaintiff alleges she received numerous contacts via Department Radio to "10-1" (Call the command).

61.     Plaintiff alleges when she called the 44th Precinct and spoke with Desk Officer Lieutenant Eason the lieutenant implored her not to write the summons.

62.     Plaintiff alleges after disconnecting the cellular telephone call and begrudgingly approaching defendant VANESSAL. GIBSON's vehicle, she asked if the 'C.O.' meaning defendant KEVIN CATALINA was on the cellular telephone.

63.     Plaintiff alleges defendant VANESSA L. GIBSON responded 'yes' and handed her the cellular telephone.

64.     Plaintiff alleges defendant KEVIN CATALINA, motivated by his own personal financial and pecuniary gain interest to receive a promotion, begged her "Please don't write the summons because she meets with the Mayor and Police Commissioner monthly in her role with the Public Safety Committee".

65.     Plaintiff alleges defendant KEVIN CATALINA wanted to ensure nothing interfered with his career prospects as the Public Safety Committee chaired by defendant VANESSA L. GIBSON controls many aspects of NYPD operations including its budget.

66.     Plaintiff alleges defendant VANESSA L. GIBSON drove away and the summons not issued.

67.     Plaintiff alleges the next day, Summons No.: AAW9075382 was 'VOIDED' by Training Sergeant DeBendetto.

68.     Plaintiff alleges defendant KEVIN CATALINA endorsed the reason for the 'VOIDED' summons then forwarded the documents through channels.

69.     Plaintiff alleges unbeknownst defendants' VANESSA L. GIBSON and KEVIN CATALINA she kept a copy of the summons because she knew it was wrong but she had nowhere to file a complaint.

70.     Plaintiff alleges that several months later, she transferred to the 49th Precinct.

71.     Plaintiff alleges she as warned by other supervisors and police officers that no one wants to work with her.

72.     Plaintiff alleges prior to her transfer Lieutenant Wilson, 44th Precinct accused her of being a 'rat.'

73.     Plaintiff alleges 49th Precinct personnel also engage in ticket and arrest quotas along with 'fixing.'

74.     Plaintiff alleges from December 2014 through August 11, 2016, defendant KEITH WALTON gave unfair assignments and unfair discipline 'passively' rejecting the ticket and arrest quota systems.

75.     Plaintiff alleges since December 2014 through August 11, 2016, her vehicle damaged on numerous occasions.

76.     Plaintiff alleges in or around March 2016, she observed Sergeant Lillian Montenegro's husband committing several traffic infractions while operating a tow truck.

77.     Plaintiff alleges she observed Sergeant Montenegro's husband driving on the sidewalk while talking on a cellular telephone.

78.     Plaintiff alleges she did not issue him universal summonses for fear of further retaliation.

79.     Plaintiff alleges on or about July 26, 2016, defendant KEITH WALTON falsely accused her of misconduct inside of Chase bank.

80.     Plaintiff alleges to embarrass her, defendant KEITH WALTON in a threatening manner ordered her to remove her gun belt and place it on the floor in his office.

81.     Plaintiff alleges defendant KEITH WALTON falsely accused her of being unstable and feels she may use her firearm against him.

82.     Plaintiff alleges defendant THE CITY OF NEW YORK is fully aware KEITH WALTON has a history of violence towards women.

83.     Plaintiff alleges defendant KEITH WALTON drove the Chase bank to interview employees but denied by the female bank manager.

84.     Plaintiff alleges the female bank manager told him, she was professional and nothing happened.

85.     Plaintiff alleges defendant KEITH WALTON was visibly annoyed he could not assert authority over the female bank manager.

86.     Plaintiff alleges undeterred, defendant KEITH WALTON falsely accused her of misconduct anyway and reported her to the Internal Affairs Bureau.

87.     Plaintiff alleges defendant KEITH WALTON returned her gun belt.

88.     Plaintiff alleges on or about August 11, 2016, she filed a Notice of Claim with the New York City Comptroller's Office.

89.     Plaintiff alleges on or about August 12, 2016, defendant THE CITY OF NEW YORK transferred her to the Legal Bureau.

90.     Plaintiff alleges on or about August 15, 2016, she reported her legal claims to the New York Daily News.

91.     Plaintiff alleges on or about August 15, 2016, defendant THE CITY OF NEW YORK transferred her to Bronx Narcotics.

92.     Plaintiff alleges on or about August 15, 2016, defendant THE CITY OF NEW YORK transferred her to the Firearm Suppression Section.

93.     Plaintiff alleges on or about August 15, 2016, defendant THE CITY OF NEW YORK refused to levy criminal, ethical and conflict of interest charges against defendant VANESSA L. GIBSON despite evidence to support them.

94.     Plaintiff alleges on or about August 15, 2016, defendant THE CITY OF NEW YORK refused to levy criminal, internal and conflict of interest charges against defendant KEVIN CATALINA despite evidence to support them.

95.     Plaintiff alleges on or about September 16, 2016, defendant WILLIAM J. BRATTON retired from the NYPD.

96.     Plaintiff alleges on or about September 16, 2016, defendant JAMES P. O'NEILL assumed the position of police commissioner.

97.     Plaintiff alleges prior to the appointment, between November 3, 2014 and September 16, 2016, defendant JAMES P. O'NEILL was the chief of department, the highest-ranking uniform member of the NYPD.

98.     Plaintiff alleges on or about September 20, 2016, defendant THE CITY OF NEW YORK sent her to Performance Monitoring although she had no performance problems.

99.     Plaintiff alleges shortly thereafter, she reported for an interview session at the Internal Affairs Bureau regarding defendant KEITH WALTON'S false accusations.

100.    Plaintiff alleges the investigators engaged in adversarial conduct in direct conflict of department policy.

101.    Plaintiff alleges during the interview, she accused defendant KEITH WALTON of misconduct.

102.    Plaintiff alleges the investigators failed to report the misconduct to the Internal Affairs Bureau as required by department policy.

103.    Plaintiff alleges during the interview, she accused defendant VANESSA L. GIBSON and KEVIN CATALINA of criminal conduct related to ticket fixing and was vigorously cut-off, saying paraphrase, we are not going to get into that.

104.    Plaintiff alleges the investigators failed to report the misconduct to the Internal Affairs Bureau, Department of Investigation and Conflict of Interest Board as required by department policy.

105.     Plaintiff alleges on or about October 14, 2016, defendant THE CITY OF NEW YORK transferred her to Detective Borough Bronx.

106.    Plaintiff alleges on or about November 8, 2016, defendant THE CITY OF NEW YORK transferred her back to the 49th Precinct.

107.    Plaintiff alleges on or about November 15, 2016, defendant KEITH WALTON assigned her to work the late tour because he did not want to see her face.

108.    Plaintiff alleges on or about November 18, 2016, defendant KEITH WALTON was arrested accused of sexually abusing a female officer in his office.

109.    Plaintiff alleges on or about November 19, 2016, defendant THE CITY OF NEW YORK transferred her back to Detective Borough Bronx.

110.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents' have violated her civil rights under the First Amendment of the United States Constitution, the Civil Rights Act of 1871, New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FREEDOM OF SPEECH
### IN VIOLATION OF
### THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

111.   Plaintiff re-alleges Paragraphs 1 through 110 and incorporates them by reference as Paragraphs 1 through 110 of Count I of this Complaint.

112.   Plaintiff alleges she engaged in constitutionally protected speech and expression.

113.   Plaintiff alleges she suffered retaliatory actions by defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents.

114.   Plaintiff alleges the protected speech was a "motivating factor" in the retaliatory actions.

115.   Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON and their agents' actions caused her emotional distress, damage to her personal and professional reputation.

### COUNT II
### GENDER DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

116.   Plaintiff re-alleges Paragraphs 1 through 115 and incorporates them by reference as Paragraphs 1 through 115 of Count II of this Complaint.

117.   Plaintiff alleges that defendant KEITH WALTON acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or December 2014 until November 18, 2016.

118.     Plaintiff alleges defendant KEITH WALTON caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

119.     Plaintiff re-alleges Paragraphs 1 through 118 and incorporates them by reference as Paragraphs 1 through 118 of Count III of this Complaint.

120.     Plaintiff alleges that defendant KEITH WALTON acted in an outrageous and systematic pattern of discrimination, retaliation, oppression, bad faith and cover-up, directed at her and continuing from in or around December 2014 until November 18, 2016.

121.     Plaintiff alleges defendant KEITH WALTON caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

122.     Plaintiff re-alleges Paragraphs 1 through 121 and incorporates them by reference as Paragraphs 1 through 121 of Count IV of this Complaint.

123.     Plaintiff alleges that defendant KEITH WALTON acted in an outrageous and systematic pattern of discrimination, hostility, oppression, bad faith and cover-up, directed at her and continuing from in or around December 2014 until November 18, 2016.

124.     Plaintiff alleges defendant KEITH WALTON caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

**COUNT V**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

125.    Plaintiff re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count V of this Complaint.

126.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her injuries.

127.    Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of gender discrimination, retaliation, and illegal 'performance goals' through its agents were under color of law.

128.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights.

129.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's actions caused her injuries.

130.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her to sustain damages.

**COUNT VI**
**NEGLIGENT HIRING**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

131.    Plaintiff re-alleges Paragraphs 1 through 130 and incorporates them by reference as Paragraphs 1 through 130 of Count VI of this Complaint.

132.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by hiring and promoting defendants' JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON.

133.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's

decision to hire and promote defendants' JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

134.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents decided to hire and promote defendants' JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON she sustained constitutional and statutory injuries.

**COUNT VII**
**FAILURE TO TRAIN**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

135.    Plaintiff re-alleges Paragraphs 1 through 134 and incorporates them by reference as Paragraphs 1 through 134 of Count VII of this Complaint.

136.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

137.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

138.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

139.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to train its employees regarding gender discrimination, retaliation and illegal 'performance goals' in the workplace she sustained constitutional and statutory injuries.

**COUNT VIII**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

140.    Plaintiff re-alleges Paragraphs 1 through 139 and incorporates them by reference as Paragraphs 1 through 139 of Count VIII of this Complaint.

141.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

142.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

143.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

144.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to supervise its employees she sustained constitutional and statutory injuries.

**COUNT IX**
**FAILURE TO DISCIPLINE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

145.    Plaintiff re-alleges Paragraphs 1 through 144 and incorporates them by reference as Paragraphs 1 through 144 of Count IX of this Complaint.

146.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by failing to discipline defendants' JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON.

147.    Plaintiff alleges defendant THE CITY OF NEW YORK through its agents failure

to discipline defendants' JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

148.    Plaintiff alleges because defendant THE CITY OF NEW YORK through its agents failure to discipline defendants' JAMES O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON she sustained constitutional and statutory injuries.

### COUNT X
### GENDER DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

149.    Plaintiff re-alleges Paragraphs 1 through 148 and incorporates them by reference as Paragraphs 1 through 148 of Count X of this Complaint.

150.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

151.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON discriminated against her because of her gender.

152.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination and great humiliation.

153.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

**COUNT XI**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

154.    Plaintiff re-alleges Paragraphs 1 through 153 and incorporates them by reference as Paragraphs 1 through 153 of Count XI of this Complaint.

155.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

156.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

157.    Plaintiff alleges defendants' THE CITY OF NEW YORK and KEITH WALTON engaged in various retaliatory actions against her based upon opposition to gender discrimination.

158.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination.

159.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

160.    Plaintiff re-alleges Paragraphs 1 through 159 and incorporates them by reference as Paragraphs 1 through 159 of Count XII of this Complaint.

161.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

162.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

163.    Plaintiff alleges defendants' THE CITY OF NEW YORK and KEITH WALTON engaged in various hostile actions against her based upon opposition to gender discrimination.

164.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination.

165.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

## COUNT XIII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

166.    Plaintiff re-alleges Paragraphs 1 through 165 and incorporates them by reference as Paragraphs 1 through 165 of Count XIII of this Complaint.

167.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

168.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON discriminated against her because of her gender.

169.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination and great humiliation.

170.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

## COUNT XIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

171.    Plaintiff re-alleges Paragraphs 1 through 170 and incorporates them by reference as Paragraphs 1 through 153 of Count XIV of this Complaint.

172.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

173.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

174.    Plaintiff alleges defendants' THE CITY OF NEW YORK and KEITH WALTON engaged in various retaliatory actions against her based upon opposition to gender discrimination.

175.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination.

176.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

### COUNT XV
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

177.    Plaintiff re-alleges Paragraphs 1 through 176 and incorporates them by reference as Paragraphs 1 through 176 of Count XV of this Complaint.

178.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

179.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

180.    Plaintiff alleges defendants' THE CITY OF NEW YORK and KEITH WALTON engaged in various hostile actions against her based upon opposition to gender discrimination.

181.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK and KEITH WALTON, she suffered the indignity of gender discrimination.

182.    Plaintiff alleges that defendants' THE CITY OF NEW YORK and KEITH WALTON'S violations caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

### JURY TRIAL

183.    Plaintiff demands a trial by jury of all issues in this action that are so triable

### PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; WILLIAM J. BRATTON; RAYMOND W. KELLY; KEVIN CATALINA; KEITH WALTON and VANESSA L. GIBSON

for $35 million dollars plus available statutory remedies, both legal and equitable, interests and

costs.

Dated:  December 13, 2016
        New York, N.Y.

Respectfully submitted,


By:    _____s_____
        Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com