Docket No. 16-CV-9662 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELE HERNANDEZ,

                                                            Plaintiff,

                         -against-

THE CITY OF NEW YORK ET AL.,

                                                            Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007-2601*

*Of Counsel: Danielle M. Dandrige*
*Tel: (212) 356-0889*
*Matter No. 2017-005566*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ........................................................................... 1

      POINT I ................................................................................................ 1

            THE CONTIUING VIOLATION DOCTRINE
            DOES NOT SALVAGE PLAINTIFF'S TIME-
            BARRED CLAIMS ........................................................................ 1

            A.  First Amendment Retaliation ................................................. 1

            B.    Hostile Work Envrioment under 42 U.S.C. §
            1983, the SHRL and the CHRL ............................................... 1

      POINT II ............................................................................................... 2

            PLAINTIFF'S CLAIMS OF FIRST
            AMENDEMENT RETALIATION FAIL ........................................ 2

      POINT III .............................................................................................. 5

            PLAINTIFF'S CLAIMS OF GENDER
            DISCRIMINATION FAIL ............................................................. 5

      POINT IV ............................................................................................. 7

            PLAINTIFF CANNOT ESTABLSH A CLAIM OF
            HOSTILE WORK ENVIRONMENT ............................................ 7

      POINT V ............................................................................................... 7

            PLAINTIFF'S CLAIMS OF RETALIATION FAIL ..................... 7

      POINT VI ............................................................................................. 8

            THERE IS NO MUNICIPAL LIABILITY ................................... 8

      POINT VII ............................................................................................ 9

THE § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED .................................................................................9

    A.  Lack of Personal Involvement ..........................................................9

    B.  Qualified Immunity ..........................................................................10

CONCLUSION....................................................................................................10

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                  <u>Pages</u>

Bermudez v. City of New York,
    783 F.Supp.2d 360 (S.D.N.Y. 2011) ..........................................................................5, 7

Birch v. City of New York,
    184 F.Supp.3d 21 (E.D.N.Y. 2016) ..........................................................................1, 10

Birch v. City of New York,
    675 Fed. Appx. 43 (2d Cir. 2017) ............................................................................4, 10

Cioffi v. Averill Part Cent. Sch. Dist.,
    444 F.3d 158 (2d Cir. 2006) ......................................................................................4-5

Galabya v. New York City Bd. of Educ.,
    202 F.3d 636 (2d Cir. 2000) ........................................................................................6

Gonzalez v. Hasty
    802 F.3d 212 (2d Cir. 2015) ........................................................................................1

Haggood v. Rubin and Rothman , LLC.,
    2014 U.S. Dist. LEXIS 161674 (E.D.N.Y. Nov. 17, 2014)...........................................6

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)........................................................................................5

Matthews v. City of New York,
    779 F.3d 167 (2d Cir. 2015)................................................................................... 2-3.4

McLeod v. Verizon New York, Inc.,
    995 F.Supp.2d 134 (E.D.N.Y. 2014).............................................................................3

Montero v. City of Yonkers,
    224 F.Supp.3d 257 (S.D.N.Y. 2016) ...........................................................................4

Mosdos Choefetz Chaim, Inc. v.Vill. of Wesley Hills,
    815 F.Supp.2d 679 (S.D.N.Y. 2011) ...........................................................................7

Olivier v. Cty of Rockland,
    2017 U.S. Dist. LEXIS 332230 (S.D.N.Y.  Mar. 8, 2017).........................................1

Ruiz v. City of New York,
    2015 U.S. Dist. LEXIS 117947 (S.D.N.Y. Sept. 5, 2015).........................................6

Schultz v. Inc. Vill. of Bellport,
    479 Fed. Appx. 358 (2d Cir. 2012).............................................................................8

Tieman v. City of Newburgh,
    2015 U.S. Dist. LEXIS 38703 (S.D.N.Y. Mar. 26, 2015) .........................................................9

Vega v. Hempstead Union Free Sch.,
    801 F.3d 72 (2d Cir. 2015).....................................................................................................8

Williams v. Metro-North Commuter R.R. Co.,
    2012 U.S. Dist. LEXIS 86631 (S.D.N.Y. June 20, 2012) .......................................................2

Williams v. Time Warner, Inc.,
    2010 U.S. Dist. LEXIS 20916 (S.D.N.Y.  Mar. 3, 2010) ........................................................8

Youmans v. Schriro,
    2013 U.S. Dist. LEXIS 171180 (S.D.N.Y. Sept. 4, 2013) .......................................................3

**Federal Statutes**

42 U.S.C. §1983..................................................................................................................1, 2,7

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in reply to plaintiff's opposition to, and in further support of, their motion to dismiss plaintiff's amended complaint.

### POINT I

### THE CONTINUING VIOLATION DOCTRINE DOES NOT SALVAGE PLAINTIFF'S TIME-BARRED CLAIMS

**A. First Amendment Retaliation**

Plaintiff attempts to invoke the continuing violation doctrine to salvage her First Amendment claims accruing prior to December 14, 2013. In support of her position, plaintiff relies on Gonzalez v. Hasty, 802 F.3d 212, 222 (2d Cir. 2015). Plaintiff's reliance on Gonzalez, however, is nothing short of confounding given that the Second Circuit specifically held that the continuing violation doctrine did not apply to plaintiff's First Amendment retaliation claim because it was premised on a discrete act. See id. Here, as best defendants can discern, the only acts of which plaintiff complains pre-dating December 14, 2013, are her receipt of negative annual evaluations. See Am. Compl. at ¶ 46. It is well established in this Circuit that negative evaluations are discrete acts and cannot form the basis of a continuing violation. See Olivier v. Cty. Of Rockland, No. 15-CV-8337 (KMK), 2017 U.S. Dist. LEXIS 332230 at *13-15 (S.D.N.Y. Mar. 8, 2017)(collecting cases). Because plaintiff's opposition reaffirms that the continuing violation doctrine is inapplicable, plaintiff's claims accruing prior to December 14, 2013 are time-barred. See, e.g., Birch v. City of New York, 184 F.Supp.3d 21, 27 (E.D.N.Y. 2016).

**B. Hostile Work Environment under 42 U.S.C. § 1983, the SHRL and the CHRL**

The effort plaintiff expends in arguing that the continuing violations doctrine salvages her hostile work environment claims under 42 U.S.C. § 1983, the SHRL, and the CHRL is similarly confounding given that she specifically asserts that those claims arise from acts committed by defendant Keith Walton occurring from December 2014 to November 18, 2016. See, generally, Am. Compl. at ¶¶ 89-121, 171, 211-213, 228-230.  Defendants do not dispute that acts occurring between December 2014 and November 2016 are timely under the three year statute of limitations applicable to claims brought pursuant to § 1983, the SHRL and the CHRL and thus plaintiff's invocation of the continuing violations doctrine is unnecessary.  However, to the extent that plaintiff, through her opposition to defendants' motion to dismiss the amended complaint, is now seeking leave, yet again, to amend her complaint to incorporate any acts occurring prior to December 14, 2013 as part of her hostile work environment claims, the Court should deny leave.  For the reasons delineated above, the continuing violations doctrine cannot be premised on discrete acts, which negative evaluations are, and thus any proposed amendment by plaintiff would be futile.  See Williams v. Metro-North Commuter R.R. Co., No. 11 Civ. 7385 (CM), 2012 U.S. Dist. LEXIS 86631 at *29-30, 35-36 (S.D.N.Y. June 20, 2012).

## POINT II

### PLAINTIFF'S     CLAIMS     OF     FIRST AMENDMENT RETALIATION FAIL

Plaintiff's exhaustive recitation of current First Amendment retaliation jurisprudence fails to correct the pleading defects in her amended complaint.  Defendants concur with plaintiff that in order to plead a claim of retaliation under the First Amendment, she "must establish that: '(1) her speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against her; and (3) there was a causal connection between this adverse action and the protected speech.'"  See Pltff's MOL at pg. 8, quoting, Matthews v. City

of New York, 779 F.3d 167, 172 (2d Cir. 2015).   Plaintiff's amended complaint, however, fails to set forth allegations that plausibly establish that plaintiff engaged in protected speech, that she was subject to an adverse action, or that the actions of what she complains occurred because of her protected speech.

At the outset, it bears noting that plaintiff does not dispute defendants' arguments that the acts of which she complains are not the type of acts that would deter a person of ordinary firmness from engaging in protected activity. Thus, given plaintiff's concession that defendants did not subject her to an adverse action following either her passive rejection of the performance goals or her complaints of official misconduct, plaintiff's First Amendment retaliation claims warrant dismissal.  McLeod v. Verizon New York, Inc., 995 F.Supp.2d 134, 143-44 (E.D.N.Y. 2014) ("[C]ourts in this circuit have held that '[a] plaintiffs failure to respond to contentions raised in a motion to dismiss claims constitute[s] an abandonment of those claims'") (collecting cases) quoting Youmans v. Schriro, No. 12 Civ. 3690 (PAE)(JCF), 2013 U.S. Dist. LEXIS 171180 at *12  (S.D.N.Y. Sept. 4, 2013).

And to the extent that plaintiff attempts to advance arguments in opposition to defendants' contentions that plaintiff has neither set forth any facts demonstrating that she engaged in protected speech nor has shown that there is any causal connection between her speech and the complained of acts, those arguments fail.  Plaintiff appears to argue that her speech is protected because it concerns that same subject matter as the speech engaged in by plaintiff in Matthews  v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015). In Matthews, the Second Circuit ultimately held that plaintiff police officer's complaints about the alleged quota policy were protected because "when a public employee whose duties do not involve formulating, implementing, or providing feedback on a policy that implicates a matter of public

concern engages in speech concerning that policy, and does so in a manner in which ordinary citizens would be expected to engage, he or she speaks as a citizen, not as a public employee." 779 F.3d at 174.   What plaintiff glosses over, however, is the fact that the form, content, and context of the speech in Matthews were clearly delineated.   Specifically, it was known that the Matthews plaintiff reported the quota system to his Captain in February, April, and May 2009.   It was also known that in January 2011 plaintiff complained to another Captain that a quota system existed and that it had adverse effect on the precinct's relationship with the community.   See id at 169-170.   In short, it is clear what plaintiff said, when he said it, and to whom.

In contrast, here, all that is known is that plaintiff may have engaged in some form of communication about the alleged performance goals to some person or persons at some time or times within a thirteen year period.   See Am. Compl. at ¶¶ 46, 60. It is beyond cavil that plaintiff has not plausibly set forth a claim of First Amendment retaliation if there are no allegations in the amended complaint that she informed anyone of her protest or why she was protesting.   See, e.g., Montero v. City of Yonkers, 224 F.Supp.3d 257, 270-271 (S.D.N.Y. 2016)(police officer's criticism of his supervisor to the police association not protected speech because outside of the presence of his supervisor and the public).

Plaintiff also cannot establish any causation between defendants' actions and her alleged speech. There are no allegations in the amended complaint demonstrating direct evidence of retaliatory animus; there are also no allegations showing that the protected activity was closely followed by an adverse action.   See Birch v. City of New York, 675 Fed. Appx. 43, 45 (2d Cir. 2017).   Plaintiff seems to imply that she has set forth sufficient facts to establish a causal connection between her purported speech and the complained about acts through temporal proximity.   In support of her argument, plaintiff cites to Cioffi v. Averill Park Cent. Sch. Dist.

Bd of Educ., 444 F.3d 158, 167 (2d Cir. 2006). But beyond her recitation about how a causal connection is established, plaintiff fails to explain how Cioffi supports her claims. And indeed, plaintiff cannot.    Specifically, the Court in Cioffi found that there was causation between plaintiff's speech and the adverse employment action because a mere three months separated plaintiff's November 7, 2011 letter complaining about the school's response to a hazing incident and the February 26, 2002 abolishment of his position.  See Coiffi, 444 F.3d at 168.   Unlike plaintiff in Cioffi, plaintiff here cannot point to any allegation that establishes, even obliquely, when she engaged in her so-called protected speech such that a determination can be made as to the temporal proximity, if any, between her speech and the alleged adverse acts.  Thus, for the aforementioned reasons and those delineated in defendants' memorandum of law in support of their motion to dismiss the amended complaint ("Defs.' MOL"), plaintiff's First Amendment retaliation claims should be dismissed.

POINT III

**PLAINTIFF'S    CLAIMS    OF    GENDER
DISCRIMINATION  FAIL**

Again, plaintiff's rote recitation of applicable law, without any application to her own claims or without any substantive response to defendants' arguments, fails to establish a plausible claim of gender discrimination.  As defendants initially argued in Defs.' MOL, plaintiff has not plead an adverse employment action or that any action of which she complains occurred under circumstances giving rise to an inference of discriminatory animus.  See Littlejohn v. City of New York, 795 F. 3d 297, 312 (2d Cir. 2015)(applying McDonnell Douglas burden-shifting analysis to discrimination claims brought under § 1983); Bermudez v. City of New York, 783 F.Supp.2d 560, 575-7 (S.D.N.Y. 2011)(applying McDonnell Douglas standard to discrimination claims brought under the SHRL and CHRL).

Plaintiff conclusorily asserts that "[she] was subjected to numerous adverse employment actions [and that] the adverse employment actions occurred under circumstances giving rise to an inference of discrimination." See Pltff's MOL at pg. 11.   Plaintiff notably, however, does not identify what those "numerous adverse employment actions" were; does not dispute defendants' understanding of the so-called adverse employment actions; and does not set forth any law or facts suggesting that those delineated acts (i.e., 1) unfair assignments; 2) unspecified discipline; 3) a false accusation of misconduct; 4) being cursed at; and 5) a onetime assignment to a late tour) constituted "materially adverse change[s] in the terms and conditions of [plaintiff's] employment" and that they were something "more disruptive than a mere inconvenience or an alteration of job responsibilities," Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000).   As such, plaintiff cannot plausibly assert that she was subject to any adverse employment action.

Plaintiff also fails to allege plausibly that any of the complained-of actions occurred under circumstances giving rise to an inference of gender discrimination.  A plaintiff may raise an inference of discrimination by alleging actions or remarks made by her  employer that clearly reveal a discriminatory animus, or by showing that similarly situated employees received preferential treatment.  See Ruiz v. City of New York, No. 14 CV 5231 (VEC), 2015 U.S. Dist. LEXIS 117947 at * 11 (S.D.N.Y Sept. 2, 2015).   Plaintiff has not alleged any comments evidencing gender-based animus nor has she "plausibly allege[d] the existence of at least one comparator who was more favorably treated despite being 'similarly situated to the plaintiff in all material respects" to establish her claims of disparate treatment based on gender.   See Haggood v. Rubin and Rothman, LLC., No. 14 Civ. 34 (SJF)(AKT), 2014 U.S. Dist. LEXIS 161674 at * 27-28 (E.D.N.Y. Nov. 17, 2014)(internal quotations and citations omitted).  In fact, plaintiff does

not identify any comparator, similarly-situated or otherwise, and for this reason her claim of gender discrimination must fail. See Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills, 815 F.Supp.2d 679, 698 (S.D.N.Y 2011)(In determining a motion to dismiss, a court must determine if it is plausible that a jury could ultimately decide the comparators were similarly situated and thus conclusory allegations of selective treatment are insufficient to defeat the motion.). As such, this Court should dismiss plaintiff's claims of gender discrimination.

## POINT IV

### PLAINTIFF CANNOT ESTABLISH A CLAIM OF HOSTILE WORK ENVIRONMENT

Plaintiff's opposition fails to identify where in the amended complaint she alleges facts suggesting that the conduct of which she complains was in any manner motivated by her gender. Indeed, plaintiff fails to even identify the "isolated or collective conduct of defendants" that "'permeated [plaintiff's workplace] with discriminatory intimidation, ridicule and insult'" and "that was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive working environment." See Pltff's MOL at pg. 13. Thus, given plaintiff's continued inability to identify any conduct, must less conduct that is severe or pervasive and motivated by her gender, her hostile work environment claims should be dismissed. See Bermudez,783 F.Supp.2d at 578-579.

## POINT V

### PLAINTIFF'S CLAIMS OF RETALIATION FAIL

Retaliation claims under § 1983 and the SHRL require a plaintiff to demonstrate that: 1) she engaged in protected activity; 2) her employer was aware of the protected activity; 3) the employer took an adverse employment action against plaintiff; and 4) there is a causal

connection between the protected activity and the adverse employment action. See Vega v. Hempstead Union Free Sch., 801 F.3d 72, 90-1 (2d Cir. 2015). Plaintiff argues that she "complained of gender and discrimination and hostile work environment" but glaringly fails to identify where in her amended complaint such allegations can be found. See Pltff's MOL at pg. 12. Instead, as with plaintiff's other arguments, plaintiff simply recites the law, asserts that she has set forth a plausible claim, and then leaves it to others to hunt and peck through her pleading to find the facts that support her assertions. No amount of hunting and pecking, however, can uncover plaintiff's purported protected activity about gender discrimination and hostile work environment. As defendants noted in their moving papers, the only protected activity attendant to her claims of gender discrimination and hostile work environment that plaintiff identifies is the filing of her Notice of Claim on August 11, 2016. That Notice of Claim, however, makes no mention of any opposition to gender-based disparate treatment or a gender-based hostile work environment. See Ex. A to the Dandrige Declaration, dated September 12, 2017. Furthermore, there are no allegations that defendant Walton was aware of her Notice of Claim or that any of the actions that he took were prompted by the Notice of Claim. Thus, for the reasons set forth in Defs' MOL and herein, plaintiff's retaliation claims brought pursuant to the Fourteenth Amendment, the SHRL and the CHRL should be dismissed. See Williams v. Time Warner, Inc., No. 09 Civ. 2962 (RJS), 2010 U.S. Dist. LEXIS 20916 at *14-17 (S.D.N.Y. Mar. 3, 2010).

## POINT VI

### THERE      IS      NO      MUNICIPAL LIABILITY

At the outset, as plaintiff fails to establish an underlying violation of her constitutional rights, her Monell claim must necessarily fail. See Schultz v. Inc. Vill. of Bellport, 479 Fed. Appx. 358, 360 (2d Cir. 2012). Nevertheless, to hold a municipality liable for constitutional

violations, plaintiff must show that the violations occurred pursuant to a governmental custom or policy, which can be demonstrated by establishing any of the following: 1) a formal policy officially endorsed by the municipality; 2) actions or decisions made by municipal officials with decision-making authority; 3) a practice so persistent and widespread that in constitutes a policy of which the policymakers have constructive knowledge; or 4) there is a failure by policymakers to properly train or supervise their subordinates such that the failure constitutes a deliberate indifference to plaintiff's rights. Tieman v. City of Newburgh, No. 13-CV-4178 (KMK), 2015 U.S. Dist. LEXIS 38703 at *38 (S.D.N.Y. Mar. 26, 2015). "Mere allegations of a municipal custom, a practice of tolerating official misconduct, inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details." Id.

Here, plaintiff's complaint does not allege any facts in support of the existence of a City policy that deprived her of First Amendment rights or rights under the Equal Protection Clause of the Fourteenth Amendment. Instead, plaintiff makes the conclusory allegation that the City "implement[ed] 'official and un-official' policies of gender discrimination, retaliation, and illegal performance goals [that] deprived her of constitutional and statutory rights." Her allegations regarding the City's failure to train and supervise, negligent hiring practices, and failure to discipline are similarly conclusory. See Am. Compl. at ¶¶ 127-8, 173-192. Plaintiff's failure to provide specific allegations or factual details in support of her Monell theories requires dismissal of her Monell claims.

## POINT VII

### THE § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

**A. Lack of Personal Involvement**

Plaintiff does not address defendants' argument that she had failed to allege sufficiently the personal involvement of the individually-named defendants in any alleged violation of plaintiff's First Amendment rights. As such, plaintiff's First Amendment retaliation claims as asserted against the individually-named defendants should be deemed abandoned and the First Amendment retaliation claims asserted against defendants New York City Police Department ("NYPD") Commissioner O'Neill, former NYPD Commissioners Kelly and Bratton, New York City Councilmember Gibson, Bronx County District Attorney Clark, Bronx County District Attorney's Office's ("BCDA") Chief of the Public Integrity Bureau Perez-Maldonado, BCDA Deputy Chief of the Public Integrity Bureau Wiczyk, and BCDA Special Assistant District Attorney Hwang should be dismissed for lack of personal involvement.

**B. Qualified Immunity**

Plaintiff also does not dispute defendants' argument that it was not beyond debate that plaintiff was engaging in protected speech any time prior to February 2015 when she passively rejected the "performance goals." As such, the individual defendants are entitled to qualified immunity for any conduct that took place prior to February 2015 that was in alleged response to plaintiff's protected speech. See Birch v. City of New York, 184 F.Supp.3d 21, 29-31 (E.D.N.Y. 2016), aff'd other grounds, 657 Fed. Appx. 43 (2d Cir. 2017).

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint, dated September 12, 2017, the Court should dismiss plaintiff's amended complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 27, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-142
                              New York, New York 10007
                              (212) 356-0889
                              ddandrig@law.nyc.gov

                        By:   _____/s/_____
                              Danielle M. Dandrige
                              Assistant Corporation Counsel